980 F.2d 742
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isabelo P. BULATAO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3286.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1992.
 
 Before PAULINE NEWMAN, ARCHER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Isabelo P. Bulatao (Bulatao) petitions for review of the January 7, 1992 decision of the Merit Systems Protection Board (board), Docket No. SE08319110270, reopening his appeal on the Board's own motion and affirming the Office of Personnel Management's (OPM's) reconsideration decision denying Bulatao's application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 OPM denied Bulatao's application for a deferred retirement annuity based on his service with the Philippine Insular Government from June 7, 1926, to November 15, 1935. On appeal to the board, the administrative judge held that Bulatao failed to satisfy the requirement of the current law, 5 U.S.C. § 8333(b) (1988), which requires that an employee must have served in a position covered by the Civil Service Retirement System for at least one of the last two years of employment.
 
 
 3
 In the board's decision, it recognized that the administrative judge had applied the wrong law because the last sentence of 5 U.S.C. § 8333(b) provides that "[f]ailure to meet this service requirement [one out of two years of covered service] does not deprive the individual or his survivors of annuity rights which attached on a previous separation." The board correctly held that under the civil service retirement law in effect in 1935, when Bulatao was "involuntarily" terminated from his employment with the Philippine Insular Government, an employee had to complete at least 15 years of creditable service in a permanent competitive position. See Act of May 29, 1930, ch. 349, §§ 1, 3, and 7, 46 Stat. 468, 470, and 474 (1930) (current version at 5 U.S.C. §§ 8331, 8333 (1988)). The board concluded that Bulatao's service was less than the required 15 years and was not shown to be in a permanent competitive position. We find no error in the board's conclusions and accordingly affirm its decision.